Pat Solan, alias Bert Williams, v. The State.

No. 3887.   Decided January 12, 1916.

1.—Robbery—Competency of Witness—Misdemeanor—Pardon.

Where, upon trial of robbery, the defendant objected to the witness for the State because he was in jail at the time of the trial on a charge of misdemeanor swindling, and because he had been convicted of a felony and had since been pardoned in order that he might testify against the defendant, there was no error in overruling the objection, as the witness was competent to testify for the State.

2.—Same—Rule Stated—Ex-convict—Pardon.

The granting of a pardon for the purpose of relieving the convict of disability so that he might testify for the State in another criminal case is a matter for the Governor over which this court has no control. Following Martin v. State, 21 Texas Crim. App., 1.

3.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions did not show the object and purpose of the rejected testimony or what the witness would have testified as to whether money was found on him, the same could not be considered on appeal.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence sustained a conviction, there is no reversible error.

Appeal from the District Court of Wichita. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Ralph P. Mathis,* for appellant.—On question of ex-convict, pardon and incompetency of witness: Tijerina v. State, 74 S. W. Rep., 913; Gardner v. State, 11 Texas Crim. App., 265.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of insufficiency of bill of exceptions: Welch v. State, 57 Texas Crim. Rep., 111.

DAVIDSON, Judge.—Appellant was convicted of robbery, his punishment being assessed at five years confinement in the penitentiary.

There are two bills of exception incorporated in the record. Charles Johnson was the alleged injured party and witness on the trial. The bill of exceptions recites that he was permitted to testify in regard to the robbery over appellant's objection because Johnson's testimony shows he was in jail at the time of the trial on a misdemeanor charge of swindling, and had pleaded guilty. He testified that he was an ex-convict, and that he had served two years in the penitentiary, and that he had not been pardoned until eight years after he had served his full term and then only for the purpose of being permitted to testify against defendant; and further, that the pardon of this witness did not reach the county of trial, nor was it filed with the papers in this case until the 2nd day of September, one day after this cause was set for trial; and that the pardon was issued not for good behavior of the witness, and not to restore the witness' rights, but because the State had so requested such pardon in order that he might be permitted to testify against defendant, and that because the State had so requested such pardon, and had secured such pardon he, Charles Johnson, was biased in his testimony in favor of the State and against the defendant. These matters did not render Johnson incompetent. The misdemeanor conviction did not render him incompetent as a witness. The granting of the pardon to Johnson in the felony for the purpose of relieving him of disabilities so that he might testify in the case was a matter for the Governor over which this court has no control. This question was decided in Martin v. State, 21 Texas Crim. App., 1. The matter is thoroughly discussed in the Martin case. It is unnecessary to go into a further discussion of it.

There is another bill of exceptions which shows that the witness Roll was an officer of the City of Wichita Falls, and that he and another officer arrested Johnson, the prosecuting witness, and one of his friends, on charges of drunkenness, and after the defendant had proved that this arrest was made the night before the alleged robbery, and after the defendant had proved that said Charles Johnson spent that night in the city "cooler," and was not given his liberty until the morning of the alleged robbery, and after the witness Roll had testified that these men had been searched before they were locked up, and had found only about five dollars and a quart of booze on Johnson, and after he had testified that they always search the prisoners, "then it was that the defendant attempted to prove by this witness if the said

Charles Johnson had some fifty-five dollars on him at the time he was arrested would he have found it; then it was that the State objected, and the court sustained the objection." The object and purpose of this testimony is not stated, nor is the evidence that Roll would have given in regard to the matter stated. What the witness Roll would have testified as to whether he would have found the money or not if it had been on him should have been stated, or something to show that he would have been in position to have found the money on the party, if it was on him, at the time they searched him as well as the purpose for which it was introduced and the connection shown so as to make it material in order that this court might decide the question as to whether there was error or not.

The evidence, we think, is sufficient to sustain the verdict of the jury, and for this reason it will not be disturbed.

The judgment will be affirmed.

*Affirmed.*